UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

vs.                                                                                        Case No. 8:12-cv-1821-T-17EAJ

**JOHN DOES 1-7,**

    **Defendants.**
_____/

## ORDER

Before the Court are Plaintiff's **Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference** (Dkt. 5), Plaintiff's **Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference** (Dkt. 5 Ex. 1), and **Plaintiff's Motion for Expedited Hearing** (Dkt. 6). Plaintiff Malibu Media, LLC ("Plaintiff") alleges direct and contributory copyright infringement against seven (7) unnamed Defendants ("Doe Defendants") for unlawfully copying and distributing motion pictures ("Works") for which Plaintiff holds registered copyrights. Plaintiff seeks to subpoena the Internet Service Providers ("ISPs") of Doe Defendants to ascertain their identities.

## Background

The Works are sixteen (16) adult films that Plaintiff registered with the U.S. Copyright Office in either 2011 or 2012. Plaintiff alleges that Doe Defendants, without Plaintiff's consent or permission, used a BitTorrrent[1] file sharing protocol to reproduce, distribute and otherwise infringe

---

[1] BitTorrent is a peer-to-peer file sharing protocol that allows users to join a "swarm" of host computers to download and upload from each simultaneously. (Dkt. 1 ¶ 18)

Plaintiff's copyrights in the Works. As a result, Plaintiff is seeking damages, injunctive relief, and attorneys' fees and costs. Plaintiff does not possess the names of the alleged infringers, but through a forensic investigation, it has identified the Internet Protocol ("IP") addresses involved in the conduct. (See Dkt. 1 Ex. 2) Plaintiff seeks leave to issue Rule 45 subpoenas to the ISPs to obtain identifying information for Doe Defendants linked to those IP addresses, including their names, addresses, telephone numbers, email addresses, and Media Access Control ("MAC")[2] addresses.

## Good cause for expedited discovery

Discovery is normally prohibited before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).[3] However, "[i]n Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 1 2008 WL 4104214, at *4 (N.D. Cal. 2008) (citations omitted).

To assert a prima facie claim of copyright infringement, Plaintiff has to show that: (1) it owns a valid copyright in the works allegedly infringed; and (2) defendants copied protected

---

[2] The Media Access Control address is a number that identifies the specific computer or device used in the online communication.

[3] Federal Rule of Civil Procedure 26 provides:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1).

elements from those works. See Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., 533 F.3d 1287, 1300 (11th Cir. 2008) (citation omitted). In this case, Plaintiff's registration of the Works serves as prima facie evidence of the validity of its copyrights.[4] See 17 U.S.C. § 410(c). Additionally, Plaintiff alleges that Doe Defendants copied elements of the Works that are original; and that Plaintiff did not authorize, permit, or consent to Doe Defendants' copying. Thus, Plaintiff has made a prima facie showing of copyright infringement. Furthermore, Plaintiff explains that it has no other means to obtain Doe Defendants' identifying information because ISPs are the only entities that possess such data. Additionally, Plaintiff states that ISPs routinely destroy the activity logs that link any given IP with a named individual.

Plaintiff has identified Doe Defendants with specificity by providing the IP addresses, dates of the alleged infringement ("hit dates"), city, state, ISP, and network for each IP address. (Dkt. 1 Ex. 2) Because only ISPs can connect a given IP address with a named individual, Plaintiff has no other means to uncover Doe Defendants' identities. Additionally, Plaintiff demonstrated a need for the discovery as it may lose the ability to pursue its infringement claims if it does not timely obtain Doe Defendants' identifying information because many ISPs retain their logs for a limited time before destroying the information. Moreover, without identifying Doe Defendants, Plaintiff cannot issue summonses and serve Doe Defendants.[5] Accordingly, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

---

[4] In its motion, Plaintiff indicates that it has applied for, but not yet received, copyright registrations in the Works. (Dkt. 5 Ex. 1 at 5) Yet Plaintiff provided proof of registration that shows each of the Works has been granted a registration number by the U.S. Copyright Office. (Dkt. 1 Ex. 2)

[5] Indeed, without participation by Doe Defendants, a Rule 26(f) conference would be futile.

3

**Procedural protections**

Still, there is a risk that Plaintiff's request for subscriber information could lead to non-infringing parties being identified and served as defendants because the person who pays for internet access at a given IP address may not be the same individual who engaged in the alleged infringing activity.[6]  As one court observed:

> By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

SBO Pictures, Inc. v. Does 1–3036, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted).  The sensitive subject matter at issue must be taken into consideration.  "It would be unrealistic to ignore the nature of plaintiffs' allegations – to wit: the theft of pornographic films – which distinguish these cases from garden variety copyright actions."  In Re BitTorrent Adult Film Copyright Infringement Cases, Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *10 (E.D. N.Y. May 1, 2012).  The privacy interests of those who may be registered to the IP addresses in question, but who are not involved in downloading Plaintiff's works, cannot be ignored.  Even so, that is not a reason to deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its case.  However, certain procedural protections are warranted before any

---

[6] Arguably, individuals have no privacy rights in the subscriber information that they voluntarily submit to an ISP, including their names, addresses, and phone numbers. CineTel Films, Inc. v. Does 1-1,052, No. JFM 8:11-cv-02438, 2012 WL 1142272, at *9 (D. Md. Apr. 4, 2012) (citation omitted).  That fact does not dispel the need for certain procedural protections, as explained above.

identifying information is made public.[7]

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Dkt. 5) is **GRANTED IN PART** and **DENIED IN PART** to the extent provided in this order;[8]

2. Plaintiff's Motion for Expedited Hearing (Dkt. 6) is **DENIED** as moot;

3. Plaintiff may serve each of the ISPs, as listed in Exhibit 2 attached to Plaintiff's Complaint (Dkt. 1 Ex. 2), with a Rule 45 subpoena commanding them to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each Doe Defendant identified in the Complaint in this case to whom the ISP assigned an IP address. Plaintiff shall attach a copy of the Complaint (Dkt. 1) and this Order to any subpoena issued pursuant to this Order;

4. The ISPs shall have twenty-one (21) days from service of the subpoena to notify Doe Defendants that their identifying information is being sought pursuant to a Rule 45 subpoena. The ISPs shall provide a copy of this Order with the notification;

5. Each Doe Defendant shall have fourteen (14) days from the date of notification to move to quash or otherwise object to Plaintiff's subpoena;

---

[7] For guidance, the Court has reviewed the procedural protections delineated in <u>Malibu Media, LLC v. John Does 1-22</u>, No. 12-cv-1074-T-23-AEP (M.D. Fla. July 9, 2012) and <u>In Re BitTorrent</u>, 2012 WL 1570765 at *14.

[8] Having reviewed Plaintiff's memorandum of law and proposed order, the Court declines to adopt the other provisions requested. Specifically, as to the request for subpoenas for any service providers other than the ISPs identified in the attachment to Plaintiff's Complaint, Plaintiff has not explained why such relief is necessary.

    6.       The ISPs shall produce the information sought to Plaintiff no later than twenty-one (21) days after notification to each Doe Defendant pursuant to paragraph four (4) above;

    7.       Plaintiff shall use the information obtained pursuant to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint;

    8.       Further, the parties shall adhere to the following procedures:

        a.       In all written or oral communications with Doe Defendants, Plaintiff's attorneys shall clearly identify themselves as representing Plaintiff and not representing the interests of the Doe Defendant and that any statement made by the Doe Defendant may be used against that Defendant. Plaintiff shall inform any Doe Defendants who contacts Plaintiff of his/her right to hire legal counsel to represent them in this matter;[9]

        b.       At any time, a Doe Defendant who does not wish to be contacted by Plaintiff may inform Plaintiff by phone or send Plaintiff's counsel an e-mail addressed to copyright@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter;"

        c.       Plaintiff must notify in writing the Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the Doe Defendant at least fourteen (14) days prior to seeking issuance of a summons from the Clerk for

---

[9] A civil litigant does not have an absolute right to appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id.

the identified Doe Defendant.

**DONE AND ORDERED** in Tampa, Florida, this 13th day of November, 2012.

ELIZABETH A JENKINS
United States Magistrate Judge